UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| THELMA SYKES, } | |
| ON BEHALF OF HERSELF AND } | |
| ALL OTHERS SIMILARLY SITUATED, } | |
| } | |
| Plaintiff, } | Civil Action, File No. |
| v } | |
| } | |
| FORSTER & GARBUS, LLP, LVNV FUNDING LLC, } | |
| SHERMAN FINANCIAL GROUP, LLC, } | |
| RESURGENT CAPITAL SERVICES L.P. } | |
| MARK A. GARBUS, AND RONALD FORSTER, } | |
| } | |
| Defendants. } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Thelma Sykes [hereinafter "Sykes"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Forster & Garbus, LLP [hereinafter "F&G"], LVNV Funding LLC [hereinafter "LVNV"], Resurgent Capital Services L.P. (Resurgent), Sherman Financial Group, LLC [hereinafter "Sherman"], Mark A. Garbus (hereinafter "Garbus"), and Ronald Forster (hereinafter "Forster"), collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also

     derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Sykes is a natural person who resides at 39 Brown Street, Riverhead, NY 11901.

6. Sykes is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about October 19, 2017, F&G, on behalf of LVNV, sent Sykes the letter annexed as Exhibit A. Sykes received and read Exhibit A. For the reasons set forth below, Sykes's receipt and reading of Exhibit A deprived Sykes of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, F&G, on behalf of LVNV sent Exhibit A to Sykes in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Credit One Bank, N.A. for her individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. F&G, via Exhibit A, attempted to collect this past due debt from Sykes in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue in Exhibit A arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity.  See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015). F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, F&G sets forth that it is a debt collector attempting to collect a debt.  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A, and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. LVNV is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

16. LVNV's primary business consists of the purchases of defaulted debts due from consumers

from entities which currently own the defaulted debts and then, via agents, attorneys, and/or third-party debt collectors, attempting to collect these defaulted debts from consumers.

17. As revealed from a search of the New York State Unified Court System eCourts website ("eCourts"), on a consistent and regular basis over a period of numerous years through the present LVNVs has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that LVNV became the owner of the debt from the original creditor.

18. The aforementioned consumers include New York City residents.

19. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".  Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors.  Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

20. LVNV possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

21. On its website, LVNV describes itself as follows:

> "LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers. As the new owner of any debt previously owned by another creditor, LVNV's name may appear on a customer's credit report or in a letter from a collection agency."

22. Based upon Exhibit A, and the above allegations, the principal purpose of LVNV is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23. Resurgent is a Delaware Limited Partnership and a New York Foreign Limited Partnership.

24. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

25. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

26. On its website, Resurgent describes itself as follows:

> "Resurgent Capital Services is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. We manage accounts across the credit spectrum including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts. Our offices are located in Greenville, SC and Cincinnati, OH. As a loan servicer and licensed collection agency, we may perform collection activities on accounts directly, or we may outsource the recovery activities to other independently owned collection agencies and law firms."

27. Based upon the above allegations, the principal purpose of Resurgent is the collection of

debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.; and therefore, Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

28. Sherman is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

29. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies".  See 1 USC 1.

30. Sherman wholly owns numerous subsidiaries such as LVNV and Resurgent which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.  Upon information and belief, Sherman directs and/or requires and/or allows Sherman's wholly owned "debt collectors" subsidiaries to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which Sherman's wholly owned "debt collectors" attempt to collect.

31. Based on the above, the principal purpose of Sherman is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

32. Based on the above, Sherman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

33. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

34. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

35. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

36. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly

or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

37. Forster is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

38. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

39. Upon information and belief, LVNV and/or Resurgent issued work standards, directives, and/or guidelines to F&G which contained instructions, controls, and rules governing the steps F&G could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

40. Upon information and belief, LVNV and/or Resurgent issued work standards, directives, and/or guidelines to F&G which contained instructions, controls, and rules governing the steps F&G could and could not take to attempt to collect debts including the filing and prosecution of lawsuits.  These instructions, controls, and rules included the types of account

documents F&G could request or obtain at various stages of a debt collection lawsuit. These instructions, controls, and rules controlled and/or substantially effected all the actions F&G took regarding the attempt to collection the debt via Exhibit B.

41. LVNV and Resurgent are wholly owned subsidiaries of Sherman.

42. Upon information and belief, Sherman, a "debt collector", directs and/or requires and/or allows Sherman's wholly owned subsidiaries such as LVNV and Resurgent to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which LVNV and Resurgent attempt to collect in the name of LVNV; and Sherman directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of LVNV including the selection and supervision and continuous evaluation of the effectiveness of collections agencies such as F&G. For the above reasons, Sherman is vicariously liable for the actions of LVNV, Resurgent, and F&G.

43. All the actions alleged in this Complaint taken by F&G were taken by F&G as the "debt collector", agent, and/or attorney for the "debt collector" LVNV, Resurgent, and Sherman.

44. Based on the allegations in the above two paragraphs, LVNV, Resurgent, and Sherman are vicariously liable for the actions of F&G.

### FIRST CAUSE OF ACTION-CLASS CLAIM

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-44 of this Complaint.

46. Exhibit A set forth a "Balance Due as of October 19, 2017" of $873.61.

47. Exhibit A also contains the following statement: "If you don't take advantage of this offer, interest may subsequently accrue on this account."

48. If on the date of Exhibit A LVNV was not accruing interest on the "Balance Due as of October 19, 2017" set forth in Exhibit A or interest actually would not have accrued if Sykes did not take advantage of the offer, then Defendants violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A describing the balance as the "Balance Due as of January 19, 2017" and/or setting forth that "[i]f you don't take advantage of this offer, interest may subsequently accrue on this account.".

## SECOND CAUSE OF ACTION-CLASS CLAIM

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-44 of this Complaint.

50. Exhibit A set forth a "Balance Due as of October 19, 2017" of $873.61.

51. Exhibit A also contains the following statement: "If you don't take advantage of this offer, interest may subsequently accrue on this account."

52. Upon information and belief, LVNV continued to accrue interest on the $873.61 set forth in Exhibit A.

53. However, Exhibit A did not explain that interest actually was accruing or did not explain that interest actually would accrue if Sykes did not take advantage of the offer, did not explain the basis for the accrual of any interest, and did not set forth what Sykes would need to pay to resolve the debt at any given moment in the future upon Sykes' failure to take advantage of the offer.

54. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendants violated 15 USC § 1692g(a)(1) and/or 15 USC § 1692e as a result of F&G sending Exhibit A to Sykes.

### THIRD CAUSE OF ACTION-CLASS CLAIM

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-44 of this Complaint.

56. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

57. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-44 of this Complaint.

58. Defendants violated 15 USC 1692g as a result of F&G sending Exhibit A to Sykes.

### CLASS ALLEGATIONS

59. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

60. The classes consist of (a) all natural persons (b) who received a letter from F&G on behalf of LVNV dated between October 19, 2017 and the present (c) to collect on a consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

61. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

62. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

63. The predominant common questions are whether Defendants' letters and debt collection lawsuits violate the FDCPA.

64. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

65. A class action is the superior means of adjudicating this dispute.

66. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          October 18, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107